You want to tell us your name for the record, please? Daryl Jones. I'm counsel for the appellant, Miranda Dutullio. Thank you. This case involves whether or not Section 1595 should be applied retroactively in a case that predates a statute's enactment. It also involves a second question, whether or not damages includes and encompasses punitive damages. It's our position that, in fact, it does. Even though you would apply a Landgraft analysis, ultimately, and looking at Yamaguchi Place and, more important, Ferguson, reading those in conjunction with each other, you would determine that it does apply and you can reach back retroactively. Is there any evidence in the record to show that the defendant had contact with Ms. Dutullio after December 19, 2003? And do you allege that he had any contact with her after December 19? We allege substantial contact. The warrant was issued on her about the 18th or 19th, shortly after the statute was enacted. He did not appear at his home for approximately three days. The police had staked out his home, seeking to arrest him. During that three-day period, he was at the Residence Inn by Marriott with my client and numerous other young girls. I saw that in the record. I saw your statement. I think it was in the reply brief, saying that you had evidence that he was with her after the critical date. There was no record citation, and I have not been able to find anything in the record. That is correct, Your Honor. Much of the evidence that indicates that his post-dated contact with her came to us after we initiated the brief process, the appellant process. So it's not in the record? No, that's going to be a- So you're telling us stuff about in that gray brief and now an argument about his contact with her after the statute became effective that is not supported by anything in the record? Your Honor, that's a question of fact. Well, wait a minute. There's no question of fact about what's in the record. Correct. And I'm asking you what's in the record. I'm not asking you whether or not he had sexual contact with her after the penalty or the civil consequences were imposed by the statute. I'm asking you whether there's evidence in the record that he did. There is, Your Honor. He made a plea agreement. Just guide me to the page so I can read it and see if I agree with you on what he said. It's not in our brief except that we've referred- I don't care if it's in the brief. I care if it's in the record. I wouldn't know if it would be in the record other than that he- That's what I'm asking. Is it in the record? Probably not because what he did was a plea agreement under the underlying criminal case that he admitted to conduct post-dating the Section 1595. I don't remember seeing that in the plea agreement. I thought the plea agreement was in the record. Here it is. Excerpt page 19 is the plea agreement. Okay, where does it say that? Your Honor, in the plea agreement, he admitted to- Just tell us the page. It starts at excerpt 34, and I want to read the words. And I don't have that in front of me, Your Honor. I do. Give me any guidance at all, and I'll find it. In the plea agreement, he admitted to violating Section 1595 with regards to a variety of young women, one of which my client is listed as M.D. One of the arguments we've made, that in and of itself indicates his behavior post-dated the enactment of Section 1595. I read the whole thing, and I marked up the portions that struck me as relevant. And I didn't find anything that said he had contact with her after that date. And it looks like we're done with that because you really can't point to a portion. Correct, Your Honor. Okay. I guess the other question is, Landgraf, as I recall, says that there are two kinds of retroactivity that the Constitution bars. One is where penalties are attached to conduct that previously didn't have penalties attached to it. And the other is where penalties are increased for conduct that did have penalties attached. And I'm wondering why this doesn't fall within the second category. Because, Your Honor, there's an Alaska statute enacted in 1991 that already provided for those penalties. The mere fact that this was brought in federal court under other claims, the fact pattern still applies to the state case, and federal court can take independent jurisdiction over those facts. He was already facing those penalties in state court. So you're saying that a federal statute may be unconstitutional in states that don't have a similar statute, but constitutionally permissible in states that do, as applied to conduct that preceded the federal statute? I wouldn't know about the constitutionality of it from state to state, Your Honor. What I do know is there's an Alaska statute that prohibited his specific conduct enacted in 1991, amended in 1998, and that this is merely a change or an increased forum, not an increase in penalties. Not only that, it's a seamless continuing violation of the act that he initiated back in 2001. He continued on post-date the enactment period of Section 1595, and the state under Ferguson or this bench under Ferguson should be able to reach back, much as they did in Ferguson, and enact those penalties retroactively. Well, if you allege that, it's your position that you're entitled to punitive damages as well, right? Yes, Your Honor. All right. And punitive damages aren't available anywhere else, so why wouldn't that in and of itself elevate this to subjecting him to more punishment? He is subject to punitive damages under state law. And the word damages, as used by Congress, they didn't specify which damages definition it would be. We've got special, we've got general. Well, punitive damages and general damages are very different. True. And the whole procedure is, you know, state to state. Generally, punitive damages are ascertained, you know, first, you know, it requires, the language may differ, but some sort of outrageous conduct. And then there's generally a bifurcation, and then people get to get into the financial background of a person to see what the points to punish, to keep them from doing it again. Now, Mr. Boehm, I'm saying Boehm because I knew someone in high school with this name, and that could be completely wrong, so you may say it differently. Boehm, Your Honor. That Boehm? Yes, Your Honor. Okay. Mr. Boehm is in prison, right? Still. Okay, for how long? I think, I don't know for sure. I'm not his counsel, but he's probably due to be released, I estimate, in a few months. All right. Well, that's punishing him, so why then, you know, I'm having trouble here, you know, what, if it doesn't say punitive damages, Congress knows how to say that when they want to say it, why should we conclude that there are punitive damages as part of this statute? A tort provides for punitive damages. If it's proven factually at a jury trial that his conduct was egregious, and we advocate that providing cocaine and sleeping with 13, 14, 15-year-olds is egregious. Well, that's why he's in prison. That's why he's in prison. That's why he's in prison. Correct. That's why he's subject to a crime. Well, then why enact 1595? 1595 provided the civil remedy for those type of actions, much like they do on the state court level. That's exactly what it's provided for. It's still a tort. Damages encompasses special, general, punitive, all of it. It doesn't automatically encompass punitive. No. That would be an argument based on how egregious his behavior is in front of the jury. Once again, we're dealing with a factual thing. I think what this court's looking at is whether or not it should be applied retroactively. Why couldn't Congress say that it's so egregious, that's why you send someone to prison, but that's not necessarily why you need it in the statute. Right. On state level, it's the same way. People go to prison all the time. They're still subject to civil liability, and that includes punitive damages. I think, like I said, it's a factual argument as to whether or not he is subject to punitive damages. Was his behavior so egregious? So every statute in your mind is subject to punitive damages? No. I think if you look back at congressional intent, which there is none in this particular matter, you might be able to ascertain this.  You're talking in circles because you're telling me, on the one hand, the plain language doesn't support, it doesn't say punitive damage, and then you're saying, so if you don't find it in the plain language, then you look to congressional intent, and what you're saying is you don't have it here. So how would a court come to the conclusion that punitive damages were part of this statute? Maybe I am talking in circles. I'm just talking how courts do statutory construction. I think in this particular case, the only way it can be done, in light of the fact there's no guidance from Congress or within the statute itself, is actually for the court to determine if his behavior rose to the level of being so egregious that it warranted punitive damages. I think it's open. If that can't be shown, he's not awarded. If it can be, then he should be. Have you looked at the statutory history for this statute? Do I know the statutory history? Have you looked at it? We've looked for the intent with regards to how it's to be applied and what the reach on it is with regards to retroactivity. The language here, I was looking for the page. It's at page 511 U.S. 269 and 70. It says, rather the court must ask whether the new provision attaches new legal consequences to events completed before its enactment. If I understand your argument right, you must be saying, first of all, the conduct wasn't before its enactment, but you can't give me a record site to show that the record includes conduct after the enactment. Second, there are no new legal consequences because there was a state statute imposing the same legal consequences. Essentially, yes. That raises the question whether a state statute, I asked you this before, but I don't think I made my question clear, whether a state statute imposing the same consequences can make a federal statute that would otherwise be non-retroactive or otherwise be retroactive non-retroactive. Can a state statute save the otherwise unconstitutionally retroactive federal statute? We'd have to determine whether or not it's unconstitutionally retroactive in the first place, Your Honor, and I'm arguing under Ferguson it's not. Let's assume for purposes of discussion. Is there a citation of authority you can give me that says a state statute that attached the legal consequences to the events occurring before the enactment of the federal statute can save the federal statute? No, not that I'm aware of, but that is not an issue we've researched either. And then if there was punitive damages, that would be an extra twist on it. And you really don't have a citation for whether punitive damages? No. Well, I guess you don't. Thanks. Did you have anything additional? No, Your Honor. All right. You do have some time left, so I'll allow you to reserve it for rebuttal. Thank you. May it please the Court, my name is Sherman Earnoff. I represent Joseph Bone in this matter, Your Honor. Quite frankly, we agree strongly with the decision of Judge Sedgwick in this case. Quite frankly, the problem here is that there's been a bunch of alleged conduct that was pre-enactment, but there's been no post-enactment alleged behavior. And one thing to be looking at here is my client went to jail on the 22nd, in the morning of December 22nd of 2003. So there's only three days of effective post-enactment conduct. Well, but technically there could be, if it were in the record,  Absolutely, Your Honor. I mean, regarding summary judgment, if you separate that from the retroactivity. Yes, ma'am. I think if there was some post-enactment conduct, there may be an argument here. But I think with the lack of post-enactment conduct, we don't get to a continuing legal claim. And quite frankly, I don't think under Landgraf and a series of about 12 other cases that have affirmed Landgraf, I don't think that we can get there and apply the statute retroactively to my client. You know, the cases, you asked us to look at Yamaguchi, and Yamaguchi is fairly on point, if you look at it in a certain context, because in Yamaguchi, what you guys did was you bifurcated You mean the Ninth Circuit? Ninth Circuit, Your Honor. You bifurcated the question. And in that case, you said this woman was entitled to damages for post-enactment conduct, but not pre-enactment conduct. And I think in this case, the burden would be on the appellant to show that there is some post-enactment conduct. And at this point, there's been the threat of it, and there's been discovery. There has been the mention in the brief. But we're standing here before you today, and there is not one allegation of post-enactment conduct. In fact, there's some things that aren't in your record, but there's facts in the record that say she wasn't even around my client for those three days. So we have a real factual question. And if that's a concern of the court, then the district court could resolve that issue. Really, what we're here today to talk about is the retroactivity of 1595, and we just do not believe that it can be retroactively applied to Mr. Boone in this case, unless you can show post-enactment conduct, and there is none in the record. So following the Landgraf analysis, which has been consistently applied, if you look at Yamaguchi, if you look at Place v. Abbott Labs, and there's a series of about three other district courts that have, as mentioned in our brief, that have affirmed that 1595 can't be applied retroactively. There's really just a host of precedents here on our side. If we agree with you on that point, and I'm just speaking hypothetically at this point, do we need to reach the other certified issue? I think if you agree with me on that point, yeah, I don't think you have to go to the next step. If you agree that it can't be applied retroactively, then I think the district court's well-informed, Judge Sedgwick, that if there is conduct after enactment, there could be liability. But for the pre-1595 enactment time period, before December 19th, there could be no liability. What should we do here? Should we remand so that there can be a trial on whether there was conduct post-enactment? I think that's consistent with what you did in Yamaguchi. I mean, I think we would prefer that you just rule in our favor in its entirety. Can we do that? Does the record show that, for example, on summary judgment motions, that there was an affidavit saying there was no conduct after the enactment date and there was no affidavit saying that there was? In the record, Your Honor, there is a lot of pre-enactment conversation about things that happened pre-December 19th, but there is none. The record is absolutely devoid of conduct after the 19th. I asked you something slightly different. I'm sorry. I may have missed it. I had thought that the record was silent on whether there was any post-enactment conduct. Yes, Your Honor, it is. Silent, I don't know if it would make for an issue of fact or not. If the record was in conflict, there would be an issue of fact, and if the record was not silent but it was one-sided, and Fohn's papers had cognizable evidence that there was no contact after the enactment date and DiTullio's papers had no cognizable evidence that there was, then there wouldn't be an issue of fact. And I think there's silence here. I'm wondering whether there's anything to remand. The silence is, I thought, just positive, but until we filed our briefs here and then we got an indication from opposing counsel that there was more. Was there something putting DiTullio to her proof? She would have the burden of proof. Oh, gosh, I'm sorry. It's okay. You all turned these off and I forgot. I'm really sorry. You can all cite that in the future when Judge Kleinfeld's phone went off in court as to why you shouldn't be held in contempt. I'll have to sanction myself. Gosh, I guess the presiding judge will do it for me. Just like I cite everyone else, so you get a free pass. Was there a summary judgment motion that would put her to her proof so she would have to submit some cognizable evidence of conduct after the enactment date? There was a summary judgment motion, Your Honor, and we put the factual question to the test because we had some evidence that she was not, in fact, around my client at all. She was in a hotel room and there were some police reports and other things. But the judge, in short shrift, kind of said this is a Hail Mary sort of an issue. We should go ahead and take this to the Ninth Circuit. So it wasn't really ruled on. Had it been ruled on, then that's easier, but it was certified just to decide. Yes, ma'am, you're correct. So are you saying then since it really, if we decided that it had to be remanded, then the court's still going to have to look at the punitive damage as part of it if they decided that there was a triable issue that would go forward from the 19th to the... Right, that is if this court cleared the way for punitive damages, and our argument is that the statute being silent on punitive damages, that Congress could have specifically written an intent for punitive damages to be included. Its silence is, in fact, dispositive, and we would argue here that the punitive damages aren't allowable under 15 minutes. I don't understand that. Ordinarily, common law, no punitive damages for contract. Punitive damages are allowable for torts. Occasionally statute modifies that. I don't recall any common law modifications of that general principle. Why wouldn't this be in the nature of a tort? So unless the statute provides otherwise, punitives are allowable. I think it's an open point, as Mr. Thompson said. I think that we looked into the intent pretty deeply, and the silence in the statute goes both ways, obviously. There was discussion about punitive damages in the hearings, but no... But the common law is consistent with the way I've characterized it. Yes, sir. I think there's some scrap of legislative history saying punitive damages are intended. Why wouldn't that be the end of it? We have trouble with extending the argument that far. In fact, we couldn't find any basis in 1595's legislative history that they intended punitive damages. There was something in, I think, a House report maybe. I don't recall that one specifically, Your Honor, but we looked into the hearing notes and the hearing committee meetings on that bill, and we couldn't find anything there. So we were just, you know, the question, I think, is an open question. We believe that the silence is somewhat dispositive, but obviously there's some law against us there. A couple minutes just to wrap up, if you guys don't have any further questions. The bottom line here is I think, unfortunately, we don't have a continuing legal event here. We have a situation where 1595 would significantly impair the rights of my client. And looking directly at Landgraf, which is really the dispositive case here, I think we can't apply this backwards looking. We can only apply 1595 from December 19th forward. I think that question is clear in the law, and then if this court ruled differently, we would be going against a whole series of cases. The real question is, was there any post-inactionate conduct? I'm unclear right now because of the status of our briefs. In talking to Mr. Jones, we don't have any more facts at this moment, but maybe that's a matter for the district court, Your Honor. But certainly applying this retroactively, I just don't believe it's permissible. I have nothing further. I might only make one hint. If you refer to us as the court, it might be more helpful than you guys. I'm sorry, Your Honor. A little bit nervous, but I apologize for that. Does anyone have additional questions? There do not appear to be additional questions. Thank you for your argument. Thanks. I think you have a minute and 40 seconds. I'm glad that he's also nervous. I'm virtually terrified. I've been doing this 23 years. Yeah, we have to remember it's more fun to be here than it is to be there, so we know that. What I want to point out is – Some of us guys were there. Yeah, probably all of you, to say the least. I guess what I wanted to point out was what I consider the turning point case, which is the Ferguson-Vargas matter. In that particular case, they did, in fact, apply the statute retroactivity with regards to deportation in an immigration matter. I think that was a continuing violation where the conduct wasn't completed until the enactment. Exactly, and that is our entire point. Here, the conduct is completed as soon as he has sex with an underage hooker. Right. Assuming she was a hooker, what is important is just what he's emphasized, and that's what I've been attempting to emphasize. It's going to turn on the facts on the jury level, at the district court level, as to whether or not we're going to be able to show, and we are, we're going to show that he actually reached out from jail to have control over this woman, existing far beyond. Was it while he was in jail? Yes, actually he had a cellmate that he gave a list of names to and told them to pay him money so they'd go away. He actually transferred one lady. That's not sex. You're saying that his bad conduct continued while he was in jail. That, too, as part of the ongoing control, we're alleging he was actually up to two to three days after the enactment statute, he was actually having sex with her at the residency in Marriott. We feel an abundance of evidence is going to show that. So what I think the court needs to look at is whether or not it can be applied retroactively, assuming that the conduct was seamless and continuing after the post-enactment date, and it's pretty much that simple. But if it was continuing, it's our position that based on Fernandez-Vargas, that you can apply this retroactively. All right, your time is up. Thank you both for your argument. This matter will stand submitted.
judges: B Fletcher, Kleinfeld, Callahan, Cjj